**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Alpha Telecommunications, Inc., et al.,** | ) | **CASE NO. 1:05 CV 2660** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Fort Wayne Community Schools,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant's Motion for Summary Judgment or, in the Alternative, to Dismiss for Failure to Join an Indispensable Party Pursuant to Civil Rule 19 (Doc. 8). This is an action on account. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiffs, Alpha Telecommunications, Inc. ("Alpha") and Nathaniel Hawthorne, filed this lawsuit against defendant, Fort Wayne Community Schools, seeking to collect monies allegedly due for consulting work performed by plaintiffs for defendant.

1

Hawthorne and non-party Paul Karas each owned a 50% interest in Alpha.  In 2004, Hawthorne and Karas became deadlocked with regard to the management of Alpha.  Ultimately, Karas brought an action in state court to resolve the dispute.  Upon agreement of the parties, the state court appointed a receiver to, among other things, "obtain the current Alpha accounts receivable information from the defendants and collect such receivables in a secure account controlled by the Receiver."  In addition, the court ordered the receiver to notify Alpha customers and explain the situation.  Ultimately, the parties entered into a settlement agreement, pursuant to which they divided up the rights to the accounts receivable.  Hawthorne retained the right to the monies collected from four customers, which did not include any payments due from defendant.  Karas, on the other hand, retained the right to collect on the remaining accounts.  In addition, as part of the settlement agreement, the parties agreed that Alpha would be dissolved.  Thereafter, the state court issued a judgment entry ordering that the receiver completely liquidate and dissolve Alpha, except to the extent necessary to properly wind up the affairs of the business.  In addition, the entry requires that the receiver distribute all property to the shareholders in accordance with the settlement agreement.  On July 11, 2005, the receiver filed a Certificate of Dissolution with the Ohio Secretary of State, effectively dissolving Alpha.

Thereafter, plaintiffs filed this lawsuit asserting three claims for relief.  Counts one and two are actions on account seeking to recover approximately $245,000 from defendant.  These claims are brought by Alpha.  Count three is asserted by Hawthorne and seeks half of the aforementioned debt, based on his status as a 50% shareholder of Alpha.

Defendant moves for summary  judgment, or in the alternative to dismiss for failure to join an indispensable party.  Plaintiffs oppose the motion.

**STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the

burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

## ANALYSIS

Defendant argues that plaintiffs lacks standing to assert the claims in the complaint. Specifically, defendant argues that, as a shareholder, Hawthorne cannot maintain an action in his own name.  In addition, defendant argues that Alpha lacks standing to assert the claims in the complaint because it has been dissolved and the settlement agreement specifically delineates how the accounts receivable are to be collected.  According to the settlement agreement, the receiver and/or Karas are entitled to collect any debt owed by defendant.  Alternatively, defendant argues that this action must be dismissed because plaintiffs failed to join Karas, a necessary party to this action.

Plaintiffs respond that the settlement agreement has no bearing on this case.  It appears that plaintiffs are claiming that the settlement and dissolution do not encompass defendant's account.  Plaintiffs also argue that the receiver never disbursed any funds owed by Alpha. Rather, it appears that plaintiffs claim that Alpha made its payment directly to Karas, who failed to place the receipts in an escrow account.  Hawthorne further claims that he has standing to seek relief on his own behalf.  In the event the Court deems the joinder of Karas necessary, plaintiffs ask that the Court order Karas to be either an involuntary plaintiff or a defendant.

As an initial matter, the Court finds that Hawthorne lacks standing to assert any claim against defendant in his individual capacity.  In order to satisfy Article III's standing requirement, a plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Coyne v. American Tobacco Co.*, 183

F.3d 488, 494 (6th Cir. 1999).  "An action to redress injuries to a corporation...cannot be maintained by a stockholder in his own name....  The general rule is applicable in cases where the individual is the sole shareholder."  *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 603 (6th Cir. 1988)(quotations and citations omitted).  An exception to this rule exists, however, if the shareholder can show "an injury separate and distinct from the damage or injury suffered by other shareholders or the corporation as an entity."  *Quarles v. City of East Cleveland*, unreported, 202 F.3d 269, **3 (6th Cir. Dec. 20, 1999)(citations and quotations omitted)).

Plaintiffs' own allegations belie any claim that Hawthorne suffered an injury "separate and distinct" from that suffered by the entity.  In the complaint, plaintiffs expressly allege that Alpha–not Hawthorne– provided consulting services to defendant.  The complaint further states that, as a result of Hawthorne's status as a 50% shareholder, he has been damaged in an amount equal to 50% of the total defendant owes for the services provided.  Hawthorne fails to present any evidence suggesting that he was harmed in any way separate from the alleged harm suffered by Alpha.  Accordingly, Hawthorne lacks standing to assert count three and defendant is entitled to summary judgment.

Upon review, the Court further finds that defendant is entitled to summary judgment on the remaining counts asserted by Alpha.  As defendant points out, Alpha as an entity no longer exists. In compliance with a court order, the court-appointed receiver formally dissolved Alpha on July 11, 2005.  Moreover, the state court, by agreement of the parties, appointed a receiver who was ordered to "collect [the] receivables in a secure account controlled by [him.]" Once the court appointed a receiver, it became his sole responsibility to collect the accounts receivable on

behalf of Alpha.  *See, e.g.*, *Securities and Exchange Commission v. Spence & Green Chemical Co.*, 612 F.2d 896, 903 (5th Cir. 1980); *Commodity Futures Trading Com'n v. FITC, Inc.*, 52 B.R. 935, 937 (N.D.Cal. 1985).  In addition, the shareholders, including plaintiff, lost the ability to control the activities of Alpha.  *FITC*, 52 B.R. at 937.

Although generally the receivership terminates the shareholders' ability to act on behalf of the corporation, it appears that the settlement agreement entered into in state court provides that the shareholders themselves are entitled to collect certain accounts receivable.  Even assuming this settlement agreement could confer standing on behalf of the shareholders or Alpha, the language of the agreement does not afford plaintiffs the right to collect any amounts owed by the defendant in this case.  The agreement affords Hawthorne, along with others, the right to collect receivables from four specifically enumerated clients of Alpha.  Karas, a non-party to this action, retained the right to collect all other receivables, including any amounts owed by defendant.  Thus, even assuming the settlement agreement conferred either Alpha or the individual shareholders with standing to bring actions against Alpha customers, no argument can be made that plaintiffs have standing to pursue an action against this particular account.  As a result, plaintiffs lack standing to assert this action in any event.[1]  Having concluded that plaintiffs lack standing to assert the claims alleged in the complaint, the Court need not reach defendant's alternative argument, i.e., that plaintiffs failed to join an indispensable party.

---

[1] The Court also rejects plaintiffs' argument that the settlement agreement somehow does not govern defendant's account.  Plaintiffs do not allege that any work was performed after the agreement.  Thus, the receivable necessarily existed at the time the settlement agreement was signed.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion fo Summary Judgment or, in the Alternative, to Dismiss for Failure to Join and Indispensable Party Pursuant to Civil Rule 19.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated:  5/8/06